# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

WAYNE DEMARS HAMILTON, )
)
    Plaintiff, )
)
v. )   Case No. CV410-201
)
TODD MARTIN, *Public Defender,* )
and GEORGE ASINC, *Asst. D.A.,* )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

Indicted in state court for drug possession and fleeing to elude a police officer, *see* attached state-court docket print-out, Wayne D. Hamilton[1] has filed this 42 U.S.C. § 1983 case to "look into [that prosecution] and get it dismissed." Doc. 1 at 6. He would also like his criminal record expunged. *Id.* He seeks no damages. *Id.*

Hamilton reasons that since the state initiated the prosecution on an accusation but then failed to give him a preliminary hearing (as his public defender attorney, named as a co-defendant here, waived that

---

[1] The Court has amended the above caption to reflect plaintiff's full name. The Clerk shall amend the docket accordingly, and all subsequent filings shall conform.

"without [Hamilton's] consent"), it was somehow unlawful for the state to dismiss that action and then indict him a few months later. *Id.* at 5-6. He explains that he had pled not guilty to the accusation, but then the prosecutor (named as the only other co-defendant here) dismissed it only to re-indict him the next month when "police reports were altered" (he does not say how). *Id.* at 5.

Having granted Hamilton leave to file his complaint *in forma pauperis*, docs. 2 & 3, the Court, in conducting an initial screening,[2] concludes that he in substance is bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (*citing Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact

---

[2] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine plaintiff's Complaint to determine whether it states a colorable claim for relief.

or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

In that Hamilton ultimately seeks to challenge the fact or duration of his confinement by the state, he "must seek federal habeas corpus relief (or appropriate state relief) instead" of a § 1983 judgment. *Wilkinson*, 544 U.S. at 78. But to do that he must first exhaust his state court remedies.[3] For that matter, he does not even hint at being able to

---

[3] Hamilton does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts.

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Hamilton's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

show the extraordinary circumstances needed to federally enjoin a state prosecution.[4] Doc. 1 at 2 ¶ 5.

Finally, any attempt to amend his complaint to seek only money damage claims would fail. The only two defendants here are his prosecutor and public defender. The prosecutor, not alleged here to have acted outside of his assigned function, would be immune. *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) ("Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983"). And since the public defender could not be said to have acted under color of state law, any § 1983 claim against him would fail on those grounds. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does

---

[4] As another court explains:

> [t]he federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In *Younger*, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances." *Id.*, at 41, 91 S. Ct. at 749. Special circumstances are not alleged here.

*Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," so he cannot be sued under § 1983, which requires conduct under color of state law); *Livingston v. Gillespie*, 2010 WL 3118580 at * 2 (S.D. Fla. Jun. 30, 2010).

Accordingly, plaintiff Wayne D. Hamilton's Complaint should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED,** this 20th day of December, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**



# Chatham County
## Court Case Search System

133 Montgomery St.
Savannah, GA 31401

New Search | Contact Information | Map & Directions | S.O.R.T.

### Case Details

#### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR100759 |
| Case Type: | DRUGS - POSSESSION-F |
| Judge: | HONORABLE JOHN MORSE |
| Style: | State VS HAMILTON, WAYNE DEMARS |
| Assistant District Attorney: | REGINALD C MARTIN |
| Date Filed: | 4/7/2010 |
| Status: | ACTIVE |
| Superior Court Fines: | Check for Court Fines |
| Next Event: | 1/6/2011 MOTION HEARING (MTH) |

#### Attorney Information
STEVE McCUSKER - 540 East Oglethorpe Ave  SAVANNAH  GA  31401

#### Bondsman Information
N/A

#### Defendant Information
| | |
|---|---|
| DIN: | X0091954 |
| Name: | HAMILTON, WAYNE DEMARS |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 64 |
| Weight: | 140 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 40-6-395 | FLEEING TO ELUDE POLICE OFFICER | 1 | FELONY | 11/18/2009 4:50:31 AM | |
| 16-13-30(A) | POSSESSION CONTROLLED SUBSTANCE | 1 | FELONY | 11/18/2009 4:51:01 AM | |

### Proceedings

| Code | Date | Time | Action | Judge | Details | Docs |
|---|---|---|---|---|---|---|
| JURY TRIAL | 2/10/2011 | 10:00AM | | HONORABLE JOHN MORSE | | |
| MOTION HEARING (MTH) | 1/6/2011 | 2:00PM | | HONORABLE JOHN MORSE | | |
| TRIAL DOCKET FILED | 12/26/2010 | 09:00AM | CANCELLED EVENT - CL | HONORABLE JOHN MORSE | | |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 12/2/2010 | | NO ACTION ENTERED | | | |
| STATUS CONFERENCE HEARING | 11/22/2010 | 2:00PM | | HONORABLE JOHN MORSE | | |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 10/25/2010 | | NO ACTION ENTERED | | | |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 10/18/2010 | | NO ACTION ENTERED | | | |
| MOTION - MOTION TO SUPPRESS | 10/15/2010 | | NO ACTION ENTERED | | PRO SE/ | |
| ORDER | 9/15/2010 | | | | ORDER ON DEF"S PRO SE MOTION, DISMISSED/ | |
| CERTIFIED MAIL RECEIPT | 7/19/2010 | | | | DEF/ | |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 7/1/2010 | | | | | |
| DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | 6/21/2010 | | NO ACTION ENTERED | | | |
| ENTRY OF APPEARANCE | 6/21/2010 | | | | STEVE MCCUSKER/ | |
| STATE"S DISCOVERY DISCLOSURE | 6/10/2010 | | | | STATE"S DEMAND FOR RECIPROCAL DISCOVERY/STATE"S DEMAND FOR DISCOVERY/STATE"S DEMAND FOR DISCOVERY/STATE"S DEMAND FOR DISCLOSRUE OF WITNESS IDENTITIES AND INFO/STATE"S DEMAND FOR WITNESS STATEMENS/STATE"S DEMAND FOR DISCOVERY REGARDING ALIBI/CERT OF SVC/ | |
| DEFENDANTS REQUEST FOR DISCOVERY | 6/8/2010 | | | | DEF DISCOVERY REQ AND NTC OF DEF ELECTION TO PROCEED UNDER OCGA 17-6-1 ET SEQ AND CONSOLIDATED MTHS/ | |
| PLEA OF NOT GUILTY | 6/7/2010 | | | | REFUSED TO SIGN/ | |
| CALENDAR CALL | 6/7/2010 | 09:00AM | | HONORABLE JOHN MORSE | | |

| | | | | |
|---|---|---|---|---|
| MOTION - MOTION TO SUPPRESS | 6/2/2010 | | DISMISSED | PRO SE MOTION TO SUPPRESS/ |
| DEMAND FOR DISCOVERY | 5/26/2010 | | DISMISSED | PRO SE DEMAND FOR DISCOVERY/ |
| PRO SE LETTER RECEIVED | 5/26/2010 | | | SPECIAL DEMURRER/ |
| MOTION - MOTION TO SUPPRESS | 5/21/2010 | | DISMISSED | PRO SE MOTION TO SUPPRESS/ |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 5/17/2010 | | NO ACTION ENTERED | |
| NOTICE - OF INTENT | 5/7/2010 | | | NOTICE OF INTENT TO USE PRIOR FELONY CONVICTIONS TO AGGRAVATE SENTENCING UNDER OCGA SEC 17-10-7 (C)/ |
| CERTIFIED MAIL RECEIPT | 5/4/2010 | | NO ACTION ENTERED | |
| MOTION - TO DISMISS | 4/30/2010 | | DISMISSED | PRO SE PLEA IN ABATEMENT AND MOTION TO DISMISS/ |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 4/21/2010 | | NO ACTION ENTERED | |
| DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | 4/13/2010 | | | |
| ENTRY OF APPEARANCE | 4/13/2010 | | | CHRISTOPHER MIDDLETON/ |
| SCREENING | 4/7/2010 3:55:20 PM | | | Initial Case Screening / Scanning |
| INDICTMENT | 4/7/2010 | | | |

New Search

Chatham County Court Case Lookup System
133 Montgomery Street, Savannah, Ga 31401

**Disclaimer**